WHIPPLE (STANLEY v.).    See Case No. 13,286.

## Case No. 17,522.

### In re WHIPPLE FILE CO.

[1 Lowell, 477;[1] 12 Int. Rev. Rec. 98.]

District Court, D. Massachusetts. Sept., 1870.

BANKRUPTCY OF MANUFACTURER—INTERNAL REVENUE TAX—LIABILITY OF ASSIGNEE.

The assignees of a bankrupt manufacturer selling his goods in the course of their trust in the condition in which they found them, are not bound to pay the tax imposed by the act of March 31, 1868, on sales by manufacturers.

In bankruptcy. The assessor of internal revenue of the Third collection district of Massachusetts and the assignees of the Whipple File Company, a bankrupt corporation, submitted to the court, by an agreed statement in accordance with section 6 of the bankrupt act, the question whether the assignees were liable to be assessed under the act of 31st March, 1868 (15 Stat. 59), as manufacturers, for the excess over five thousand dollars, of the amount of the sales of goods of the company which they had disposed of in the execution of their trust by order of this court in bankruptcy.

J. C. Ropes, Asst. Dist. Atty., for assessor.
T. K. Lothrop, for assignees.

LOWELL, District Judge. The Whipple File Company was a manufacturer within the act, but not so the assignees of the corporation in bankruptcy. [At the time of its bankruptcy it had on hand a stock of files and other goods which their assignees have since sold at private sale, under the decree and order of this court, and the question presented by the agreed facts, is whether a tax can be levied on the amount of their sales under the law referred to. I am of the opinion the United States cannot levy such a tax. The assignees are not manufacturers, and are not the agents of the manufacturers.][2] If they had done anything in the way of finishing the goods, as I authorized the assignees of McKay & Aldus to do, it may be that they would be liable not only to this assessment but to pay the special tax imposed on manufacturers. [But as the case stands, they are persons lawfully possessed of these goods, but

not makers of them.][2] But as they did nothing but sell the goods, they are no more manufacturers than any of those persons who bought goods of them. Nor can it be said that they are agents of the manufacturer. [No doubt they have full power over the property, but not as agents.][2] They are trustees appointed by the creditors under the authority of the court, and not by the bankrupt, and their sales are not the bankrupt's sales. These goods have reached the market, undoubtedly, without being taxed, but this is by the misfortune of the owners who ceased to be able to sell and pay the tax upon them.

If it be contended that the assignment was a sale, for which the bankrupt manufacturer should be assessed, the answer is that it was rather a statute execution and probably not within the scope of the act. [The goods pass as they would if the manufacturer were dead, but they are not sold by him in the one case more than in the other. With this point however, we are not directly concerned, because if the Whipple File Co. can be lawfully assessed, on the footing of a sale to their assignees, the tax is not a debt at the time of their bankruptcy.][2] At all events the assignment took place after bankruptcy, and cannot be the foundation for a debt either privileged or common against the assets. [The question submitted by the agreed facts must be answered in the negative.][2] Judgment for the assignees.